LEVY, Justice Ad Hoc:
Billy Ray White was charged with the crime of armed robbery. He was tried by a jury, found guilty and sentenced to serve twelve years at hard labor in the state penitentiary. He is appealing from such conviction and sentence.
The appeal was submitted to this court on brief of counsel. In the defendant’s brief he asserts that:
“Bills of exceptions 1 and 2 were reserved and presented to this Court be *39 cause the accused, an indigent, was being represented by a court appointed defense counsel. The accused was not satisfied with his defense counsel and had indicated that he did not wish this defense counsel to represent him. Because of this feeling on behalf of the accused, the court appointed defense counsel requested that a continuance be granted and that other defense counsel be appointed for the accused. These motions were denied.
"In the alternative, the defendant asked the Trial Court to allow the defendant to represent himself. Though the Trial Court refrained from formally overruling this motion and averred that it had not done so, the Plaintiff-Respondent maintains that the motion was effectively overruled because the Trial Court coerced the defendant into accepting the representation of appointed counsel rather than defending himself, which is shown by the transcript of testimony taken on May 12, 1969 on Pages 28 through 33.”
From the discussion in the brief of the said two bills of exceptions the accused’s complaint appears to be that the court erred in requiring him to accept the services of court appointed counsel, which he did not want, and denied him the right to represent himself at the trial.
Our review of the record reveals that it contains no perfected bills of exceptions. Consequently, we can consider the merits of the defendant’s complaint only on the basis of what appears on the face of the record. From it, it appears that the bill of information was filed on September 12, 1967. On January 25, 1968, the defendant failed to appear for arraignment and an attachment issued for his appearance. In March of 1969 (the exact date is not clearly determined from the record) the court appointed Mr. Charles Babera, an attorney having had more than five years of active practice before the Bar of his state. On April 1, 1969, the accused appeared with counsel for arraignment and pleaded not guilty, and the case was continued until April 8, 1969. On April 8, 1969 the case was again continued until May 12, 1969. The accused, Billy Ray White, had been jointly charged with one Charles Sarver, but on motion of Billy Ray White’s counsel the court granted a severance on April 14, 1969. The minutes reflect that on May 12, 1969, the day on which the case was regularly scheduled for trial, “the Defendant requested appointment of another Attorney; he does not think that his present Atty. has his best interests at heart. Motion overruled. Defendant elected to have present Atty. represent him. Continuance requested by defense in order to contact *41 witnesses, state objected; Court granted continuance to May 26, 1969.” (Italics ours)
Following the granting of two other continuances, the case was ultimately tried on June 16 and 17, 1969.
We do not concede that the mere refusal of a judge to permit an accused to represent himself and to require the presence of court appointed counsel in the case of an indigent defendant constitutes, of itself, reversible error when, as here, there is no showing whatsoever that the defendant was prejudiced by being so represented. No suggestion whatever is made that counsel was not capable, that he did not properly represent the defendant, or that the latter could have presented a better defense himself.
But even conceding that such action by the court would have constituted reversible error, the record, as we have shown, does not sustain the contention of defendant that the court required such representation. To the contrary, the minutes recite that when the court declined to appoint a new attorney to represent him, the defendant elected to have his then counsel represent him.[1]
Certainly, the court cannot be called upon to appoint other counsel than the one originally appointed by the court, merely to please the desires of the indigent accused, in the absence of a showing that the court appointed attorney is inept or incompetent to represent the accused. We feel that the willingness of a member of the Bar of this state (duly authorized and actively engaged in the practice before the courts of this state) to accept the representation of an indigent defendant is sufficient unto itself to assure the accused that he will be adequately and properly represented.
There is, therefore, no merit in the complaint of the defendant.
For the reasons assigned the conviction and sentence are affirmed.

. The entirety of the proceedings conducted in the district court with regard to the defendant’s request for now counsel or for permission to represent himself, is not properly before us inasmuch as those proceedings were not made part of and attached to a perfected bill of exceptions. However, a copy of the transcript thereof has been filed in this court along with the record. Although we are not obliged to consider such transcript we have examined it and find that it clearly shows that the court patiently discussed with Billy Bay White and his court appointed attorney, whether Billy Kay White should retain the court appointed counsel or represent himself and that the court gave the accused every opportunity to make his own choice. It is clear from the transcript that the accused then elected to have Mr. Barbera, the court appointed attorney to represent him. After the accused conferred further with his counsel, on the request of counsel the case was continued by the court to May 26, 1969.