302 So.2d 270 (1974)
STATE of Louisiana, Appellee,
v.
William L. ROBINSON, Appellant.
No. 54925.
Supreme Court of Louisiana.
October 28, 1974.
*271 Richard A. Fraser, Jr., William F. Baldwin, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of aggravated rape, La.R.S. 14:42, and sentenced to life imprisonment. On his appeal, he relies upon five specifications of error. We do not find reversible error presented by any of them and therefore affirm.
The errors urged are:

(1)
The first specification of error (Bill Nos. 1, 2, and 3) complains of the refusal of the trial court to discharge the defendant's two court-appointed counsel and to appoint another counsel. The defendant refused to cooperate with these appointed counsel.
The record shows the two appointed attorneys to be capable and experienced trial attorneys who represented the defendant well and truly. The first attorney was appointed on October 6, 1972, almost a full year before the trial. The trial court appointed the second attorney on March 27, 1973, about five months before the trial, upon being informed of the defendant's reluctance to cooperate with the first.
In the absence of a showing that the court-appointed counsel is incompetent or unable for some cause to furnish adequate representation, the court does not abuse its discretion by denying a substitution of appointed counsel for an indigent defendant merely because he desires it or merely because without shown reason he is dissatisfied. State v. White, 256 La. 36, 235 So.2d 84 (1970). A defendant cannot refuse to cooperate with his appointed counsel in the preparation of his defense, and then complain that this lack of cooperation by him resulted in a denial of adequate representation. State v. Lewis, 255 La. 623, 232 So.2d 294 (1970). See also; State v. Veal, 296 So.2d 262 (La.1974); State v. Navarre, 289 So.2d 101 (La.1974); State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
The contention is without merit.

(2)
The second specification of error (Bill Nos. 6, 7, 23, and 24) is based on denials of motions to quash the indictment and to quash the general and petit jury venires. The defendant, a 26-year-old male, complains of the effective exclusion both of women from the jury and of persons 18-21 years of age.
As to the exclusion of women, this court has consistently held that a male cannot complain of this alleged defect in the jury venires. As a matter of fact, however, one woman was included in the original petit jury venire. (She did not serve because of a peremptory challenge by the State.)
As to the alleged exclusion of 18-21 year olds, the grand jury which returned the indictment was constituted before the age of majority was reduced from twenty-one to eighteen, Louisiana Act 98 of 1972, and before the age-qualification of jurors was lowered from twenty-one to eighteen, La.C.Cr.P. art. 401(2) (as amended by Act 695 of 1972). The grand jury *272 was legally constituted under the law applicable at the time. Cf. State v. Fallon, 290 So.2d 273 (La.1974).
The petit jury venire was chosen from general venires which included 18-21-year-olds, since constituted after the 1972 statutes. The venires were selected by random methods in the same manner and from comprehensive listings of parish residents 18 years of age and older, which had been arrived at by color-blind and age-blind random procedures.
No systematic exclusion is shown.
These bills are without merit.

(3)
The third specification of error (Bill No. 8) complains of the denial of a defense motion to sequester both selected and prospective petit jurors, by the respective groupings, from each other and from the prospective juror or jurors undergoing voir dire examination. The purpose was to insulate jurors from being prejudicially influenced by the effects of voir dire questions and responses of other prospective jurors, as well as to permit the prospective juror being examined less restraint in his responses.
The defendant correctly urges that there is no provision of law which prohibits such sequestration. Neither is there one which requires it. See, e. g., State v. Ferdinand, 285 So.2d 530 (La. 1973). No special circumstances are shown to justify this sequestration. We find no abuse of discretion by the trial court's denial of it.

(4)
The fourth specification of error is based upon the evidence of relating to an armed robbery committed by this defendant in the course of abducting the victim before raping her. (Bill Nos. 12, 13, 14, 7, and 25).
The evidence was admissible as part of the res gestae. See La.R.S. 15:448: "To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction." See State v. Williams, 263 La. 755, 269 So.2d 232 (1972).

(5)
The final specification of error (Bill No. 27) is based on the trial court's failure to grant the defense a motion requesting transcription of the entire record. All portions of the evidence upon which bills of exceptions are based were transcribed and made part of the record.
The State is not required to furnish free of cost transcription of testimony of evidence or of voir dire not needed in the determination of the appeal. State v. Douglas, 256 La. 186, 235 So.2d 563 (1970); State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969). Although the State is required to provide an indigent with means of his presenting his contentions to an appellate court as good as those available to a nonindigent, "A State will not be required to expend its funds unnecessarily ... [if] part or all of the stenographic transcript... will not be germane to consideration of the appeal * * *", Draper v. Washington, 372 U.S. 487, 495, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963). See also: Mack v. Walker, 372 F.2d 170 (CA 5, 1966), followed in United States ex rel. Davis v. Henderson, 474 F.2d 1098 (CA 5, 1973).

Decree
Finding no error, we therefore affirm the conviction and sentence.
Affirmed.