454 So.2d 1241 (1984)
STATE of Louisiana, Appellee,
v.
Floyd L. BROWNING, Jr., Appellant.
No. 16292-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
*1242 Kidd & Kidd by Paul Henry Kidd, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, L.B. Loftin, Dist. Atty., Rayville, E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
HALL, Judge.
The defendant, Floyd L. Browning, Jr., appeals his conviction for Distribution of Marijuana, LSA-R.S. 40:966, following a guilty plea, and resulting sentence of three years at hard labor. We affirm.
The defendant made a sale of approximately one ounce of marijuana to a state police undercover officer for $40. The initial contact with the defendant by the officer was through a confidential informant who was working with the officer. After being asked if they could purchase any drugs from him, the defendant had the officer follow him to an isolated place where the transaction occurred.
On appeal, the defendant has assigned as error the following:
(1) Defendant's guilty plea is involuntary in the legal and constitutional sense and was made without the effective assistance of counsel;
(2) The trial court imposed an excessive and disproportionate sentence;

*1243 (3) The defendant was denied effective assistance of counsel at the sentencing stage of his criminal trial.
Assignment of Error No. 1:
By this assignment, the defendant asserts that his plea of guilty should be set aside on the basis that it was not knowingly and voluntarily made. It is contended that defendant's guilty plea is vitiated by the ineffective assistance of counsel due to the failure of counsel to consider available defenses, to advise the defendant of the essential elements of the crime, and to render advice conducive to an informed and intelligent plea. It is argued that counsel failed to advise the defendant of the weaknesses in the state's case and the possibility that a jury might acquit him.
The issue of ineffective assistance of counsel is premature and is more properly raised by application for post-conviction relief in the district court, where a full evidentiary hearing may be conducted if warranted. State v. Brown, 384 So.2d 983 (La.1980).
The central issue raised by this assignment of error is whether the defendant's guilty plea was intelligently and voluntarily made under the standards established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Essentially, the Boykin decision held that a guilty plea is not valid unless it is an intelligent and voluntary choice on the part of the accused. The Boykin decision explains that a guilty plea constitutes a conviction without a trial; for that reason, a defendant should be made aware of the rights that are automatically waived by the choice to forego trial; the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. As interpreted by the Louisiana Supreme Court, the Boykin decision requires "an express and knowing waiver of at least these three federal constitutional rights." State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971).
The decision to plead guilty is not deemed an intelligent and understanding choice unless the defendant is informed of the rights which attach at trial. While an understanding of the triad of rights may be the sine qua non for the acceptance of a guilty plea, it is also true that other factors may have a bearing on the validity of the plea. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea. For evidentiary purposes, the record must contain an affirmative showing that demonstrates the understanding and voluntary nature of the plea. State v. Halsell, 403 So.2d 688 (La.1981).
The record in the present case indicates that at the defendant's plea colloquy, the trial court adequately determined that the defendant understood the crime to which he was pleading guilty, distribution of marijuana. The defendant indicated to the Court that he understood the crime and that he was pleading guilty of his own free will without any threats or promises made by the State, his counsel, or anyone else. The trial court then informed the defendant of his right to go to trial by jury, his right against self-incrimination, his right to compulsory processes of the Court, and his right to appeal the verdict. The record reflects that the trial court discussed each of these rights with the defendant and that the defendant indicated he understood each of these rights he was relinquishing by pleading guilty to distribution of marijuana.
The defendant told the court that he was, in fact, guilty of the crime charged. There is no indication in this record that there were any meritorious substantive defenses available to the defendant. The possibility that a jury might not accept the state's evidence and might acquit exists in every case, and a proper Boykinization such as was conducted in this case adequately informs the defendant of his jury trial rights and the necessarily concomitant possibility of acquittal.
The record clearly reflects that the defendant's plea of guilty was knowingly and intelligently made under advisement of his *1244 Boykin rights. It is not necessary or appropriate to delve into what the defendant's lawyer might or might not have told him about the possibilities of an acquittal. This assignment of error is without merit.
Assignment of Error No. 2:
By this assignment of error, the defendant asserts that the trial court imposed an excessive and disproportionate sentence.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
At the defendant's sentencing hearing the trial court noted that the defendant had had several encounters with the law. The defendant's record contained one charge for issuing worthless checks, three charges of criminal neglect of family, disturbing the peace, and one charge of contributing to the delinquency of a minor. The defendant was not convicted for any of these charges. Therefore, this conviction is the defendant's first felony offense. The trial court noted that under LSA-C. Cr.P. Art. 894.1, the Court should impose a sentence of imprisonment if there is an undue risk that during a period of suspended sentence or probation the defendant will commit another crime. The Court was of the opinion that possibility existed. Additionally, the Court found that the defendant was in need of a custodial environment or correctional treatment and that any lesser sentence would deprecate the seriousness of the defendant's crime. The trial court noted the problem of drug distribution in the community in reiterating the serious nature of the defendant's crime. The trial court imposed a sentence of 3 years at hard labor out of the maximum imposable sentence of 10 years and a $15,000 fine.
The trial court's compliance with LSA-C. Cr.P. Art. 894.1 was minimal, but adequate. The court reviewed information relating to the defendant disclosed by the pre-sentence investigation report. No mitigating factors are shown other than the fact that defendant is a first offender. The court emphasized the seriousness of the offense, an appropriate consideration.
A sentence is constitutionally excessive in violation of Art. 1, § 20 of the Louisiana Constitution if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
A review of the record in the present case indicates that the defendant's sentence is not grossly out of proportion to the severity of the offense nor does there appear to be a needless and purposeless imposition of pain and suffering. Three years at hard labor for an offender who engaged in a commercial sale of a controlled dangerous substance and who is subject to a maximum sentence of 10 years and a $15,000 fine is not excessive. This assignment of error is without merit.
Assignment of Error No. 3:
By this assignment of error, the defendant asserts he was denied effective assistance of counsel at the sentencing stage of *1245 the proceedings. As stated in the discussion of Assignment of Error No. 1, assertions of ineffective assistance of counsel as a general rule are more properly raised by an application for post-conviction relief than by assignments of error on appeal. State v. Brown, supra. This assignment of error is without merit.
DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
Affirmed.