HALL, Judge.
The defendant, Columbus Lee Holmes, appeals his conviction of theft of property of $1,425 in value, contrary to LSA — R.S. 14:67. The trial court sentenced the defendant to serve seven years at hard labor. We affirm.

Facts

At approximately 9:30 a.m. on December 31, 1981, the defendant and his brother, Theallas Holmes, Willie Collins, and Bernard Burns, entered the Red Barn Western Wear Store in Ouachita Parish. Marie Wil-coxon, a salesclerk, testified that after entering the store, Willie Collins asked to try on some boots. As Ms. Wilcoxon helped *1093 Collins with the boots, the defendant and the other two persons browsed around the front of the store near a rack of leather jackets. Approximately 30 to 45 minutes later the four men were leaving the store when the store clerk noticed that six leather coats with a value of $285 each were missing from the rack.
Bernard Burns testified that as he was entering their automobile, he observed the defendant lying on the floorboard holding three or four coats. Collins testified that he was driving the vehicle and looked back over the back seat and observed the defendant lying on the floorboard with four or five coats.
Ms. Wilcoxon testified that after she noticed the coats missing, she ran out the store and attempted to flag down the four men. However, they just backed out and sped off at a high rate of speed.
None of the leather jackets were introduced as evidence in the defendant’s trial. Ms. Wilcoxon and Tommy Dodson, sales clerks at the store, testified that six coats valued at $285 each were missing. The jury found the defendant guilty of theft of property of a value of $1,425, the approximate value of five of the leather jackets.
On June 30, 1982, the trial court sentenced the defendant to serve seven years at hard labor. An out-of-time appeal was granted by the trial court on March 8, 1984.[1]
On appeal, the defendant asserts the following assignments of error:
“(1) The Trial Court erred in its decision not to relieve Court appointed attorney DAVID G. HAYNES as attorney for defendant, and order appointment of a new attorney to represent the defendant herein, after numerous repeated request and written or oral Motions made by defendant herein, based upon the contention by defendant COLUMBUS LEE HOLMES that he could not communicate with said attorney.
“(2) That the defendant was convicted of Felony Theft at Trial on June 10,1982, upon evidence introduced by the State that was gathered in an unlawful search of said defendant COLUMBUS LEE HOLMES.
“(3) The Trial Court erred in failing to adhere to the Guidelines of the Code of Criminal Procedure Article 894.1 in de *1094 termining the appropriate sentence for defendant herein.
“(4) The trial court erred in pronouncing a sentence for defendant that is unduly harsh and excessive in view of the facts of the case.”

Assignment of Error No. 1:

By this assignment, the defendant contends that the district court erred in failing to grant his several oral and written motions for appointment of new counsel. The defendant maintains that there occurred a breakdown in communication damaging the attorney/client relationship making it impossible, according to defendant’s view, to receive adequate representation in further proceedings.
The transcript of proceedings on May 12, 1982, before Judge Fudickar, shows that the defendant requested appointment of another counsel because: “I’m not satisfied with the defense, you know, we didn’t discuss anything prior to my coming here about the theft of five (5) leather coats. I explained my bond and all things that I had urged, I explained it to him, you know, and I feel that I am being coerced into pleading guilty to a crime ....” The defendant’s request was not granted.
The minutes of the court reflect that on June 2, 1982, in open court, the defendant’s request for new counsel was denied by Judge Farr. The minutes also reflect that again on June 2, before Judge Joyce, the court found defendant’s guilty plea not to be acceptable and denied defendant’s request for appointment of other counsel. The transcript of the proceedings of June 2, 1982, before Judge Joyce, shows that the defendant stated: “You know, counselor, he hasn’t went over anything, any possibilities of witnesses or nothing, you know, he just brought me the proposition of a plea bargain, you know, he hasn’t consulted with me but two times, and each one of these times is based on a plea bargain and ... outlined to me about my being multi-billed if I didn’t plead guilty to a charge which the Judge dismissed in February, you know, so I don’t ... I don’t know nothing about law, you know .... ” The court ruled: “Well I know Mr. Haynes, Mr. Holmes, and I know him to be a very competent lawyer and I’m sure he’ll be interviewing you now to get the names of any people that might be beneficial to you because they’re holding you over for trial. I am denying your request for the appointment of additional counsel.” Judge Joyce’s per curiam states that the court found nothing to indicate that the attorney for the defendant was not properly handling the defendant, and saw no reason for appointing new counsel.
The minutes also reflect that on June 3, before Judge Farr, defendant again renewed his request for new counsel and the motion was denied.
The record shows the filing on June 3, 1982 of a handwritten motion for recusation of judge in which the defendant asserts that his attorney “ ‘cussed’ your petitioner ... when he decided to bring his case to trial, and not submit to pressures of attorney to plead guilty” and that “attorney has only interviewed petitioner three times, and on those occasions only spoke of your petitioner pleading guilty, and not of the facts of the case.”
The per curiam of Judge Hightower, who presided over trial of the case, states that as of the trial date defendant had filed no written motion for appointment of new counsel but orally requested such as he had done on two prior occasions. The per cu-riam states that at the time of the request before the undersigned judge on the trial date, defense counsel informed the court that he had investigated the case and was prepared to present a fair and adequate defense although the defendant himself had been uncooperative in aiding those efforts. Considering those representations and the fact of the earlier denials, the request did not appear to present any new issue. Hence, the trial proceeded.
LSA — C.Cr.P. Art. 515 provides as follows:
“Assignment of counsel shall not deprive the defendant of a right to engage other counsel at any stage of the pro *1095 ceedings in substitution of counsel assigned by the court. The court may assign other counsel in substitution of counsel previously assigned or specially assigned to assist the defendant at the arraignment.”
In the present case, the defendant only made a showing that he and his counsel did not personally get along with each other and that defendant was dissatisfied with his representation. The defendant offered no evidence that his counsel had failed in his duties of representation in any way. The court cannot be called upon to appoint other counsel than the one originally appointed by the court merely to please the desires of the indigent accused, in the absence of a showing that the court-appointed attorney is inept or incompetent to represent the accused. State v. White, 256 La. 36, 235 So.2d 84 (1970); State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
The trial judges who ruled on defendant’s motions were satisfied with the competence and performance of appointed defense counsel. A review of the pre-trial proceedings and trial transcript discloses no basis for concluding that counsel’s representation of the defendant was lacking in professional competence, nor any basis warranting the appointment of other counsel.
The failure of counsel to perfect a timely appeal in accordance with defendant’s request seems inexcusable, but since the out-of-time appeal was ultimately granted and the assignments of error found to be without merit, there appears to be no prejudice to defendant bearing on his conviction and sentence.
This assignment of error is without merit.

Assignment of Error No. 2:

By this assignment, the defendant asserts that the court erred in admitting evidence retrieved in an illegal search and seizure. Defense counsel asserts in brief that the defendant personally requested this assignment on appeal.
The record reflects that there was no motion to suppress evidence prior to trial. Additionally, the transcript of defendant’s trial reflects that no physical evidence was presented at trial. Therefore, it is apparent that the defendant mistakenly asserts that the trial court erred in allowing evidence from an illegal search and seizure.
This assignment of error is without merit.

Assignments of Error Nos. 3 and 4:

By these assignments, the defendant asserts that the trial court failed to comply with the guidelines set forth in LSA — C. Cr.P. Art. 894.1 and that the sentence imposed is unduly harsh and excessive.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La. 1983); State v. Browning, 454 So.2d 1241 (La.App.2d Cir.1984).
The sentencing guidelines of LSA— C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Browning, supra. While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Browning, supra.
In sentencing the defendant, the court found that the defendant was a second felony offender, having been convicted in Texas and serving at least 10 years in the Department of Corrections at Huntsville. The court found that the defendant was not eligible for suspension of sentence or probation. The court noted that the evidence at his trial reflected that defendant’s involvement was more serious and more extensive than the involvement of the other individuals in the crime. The court found that there was a high risk that if the *1096 defendant was not committed to an institution that he would commit other criminal acts because of his attitude and history of criminality and conduct while he was in the Department of Corrections -at Huntsville and the fact that he committed the present offense less than four months after being discharged from the Texas Department of Corrections.
Our review of the record and the defendant’s pre-sentence investigation report reflect that the trial court did adequately comply with Article 894.1 in particularizing the sentence to the defendant.
Next, the defendant contends that his sentence imposed is illegal and unconstitutional and that the sentence is harsh and excessive in light of the particular facts and circumstances of this case. A sentence is unconstitutionally excessive in violation of Art. 1, § 20 of the Louisiana Constitution of 1974 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Browning, supra.
LSA-R.S. 14:67 provides that whoever commits the crime of theft when the misappropriation or taking amounts to a value of $500 or more, shall be imprisoned, with or without hard labor, for not more than 10 years, or may be fined not more than $3,000, or both. In the present case, the trial court sentenced the defendant to seven years at hard labor.
As pointed out by the trial court, the defendant committed the present crime after being out of prison for only four months. It does not appear from the record that the sentence imposed was out of proportion to the severity of the offense or a needless and purposeless imposition of pain and suffering.
These assignments of error are without merit.

Decree

Having found no merit to defendant’s assignments of error, the defendant’s conviction and sentence are affirmed.
Affirmed.

. Near the conclusion of the trial, the defendant informed the trial judge that his attorney had informed him that he was not filing an appeal in his case if he was convicted. However, the attorney denied making that statement. The record reflects that at the conclusion of the trial on June 10, 1982, the defendant wrote a letter to the trial court informing it that defendant wished to appeal his conviction and requested that the court order defense counsel to file an appeal in his behalf. The trial court filed defendant’s letter in the court record and forwarded a copy of the letter to the defendant’s appointed attorney.
On August 2, 1982, the defendant wrote a letter to the Deputy Clerk of Court for the Fourth Judicial District Court, inquiring as to whether his attorney had filed an appeal. The defendant stated that it was his understanding that the judge ordered his counsel to file an appeal. The deputy clerk responded to defendant’s letter informing him that orders of appeal had not been entered on his behalf and sent a copy of defendant's letter to his counsel.
On March 30, 1983, defendant wrote another letter to the judge informing him that his appointed counsel had not filed an appeal in his case and that it was his understanding that the court had ordered him to do so. Defendant requested new counsel and the filing of an appeal in his behalf. The judge did not respond to defendant’s request.
On September 8, 1983, the defendant filed an application for post-conviction relief asserting that he had been denied his right to an appeal. On the same date, the trial judge ruled that defendant’s appeal was untimely and that the district court was without authority to grant an out-of-time appeal.
On November 10, 1983, this court granted the defendant’s application for supervisory review and ordered the trial court to make a determination if the defendant made a knowledgeable waiver of his right of appeal. State v. Holmes, 440 So.2d 1384 (La.App.2d Cir.1983).
On February 28, 1984, defendant filed a writ of mandamus with this court asserting that the trial court had failed to comply with this court’s November 10, 1983 order concerning his motion for out-of-time appeal. After an inquiry by this court, the trial court entered an order of appeal on March 8, 1984. This court subsequently denied defendant’s application for a writ of mandamus as moot, based upon the trial court's action.