MARVIN, Judge.
After pleading guilty to simple burglary of an inhabited dwelling on the advice of counsel and the recommendation of the State that the sentence be limited to three years, defendant appeals his conviction and his sentence to the statutory minimum of one year at hard labor without parole, probation or suspension.
Defendant specifically assigns that the trial court erred in not allowing him to withdraw his guilty plea two months after it was made and in imposing an illegal or excessive sentence. We find no error and affirm.
THE GUILTY PLEA; MOTION TO WITHDRAW
Defendant first appeared without counsel on October 24, 1984. On November 20, defendant appeared with appointed counsel and entered a guilty plea, after Boykinization, and upon the recommendation by the State that defendant receive a sentence of no more than three years at hard labor without parole, probation, or suspension. The sentence for the crime of burglary of an inhabited dwelling is not less than one year nor more than 12 years, at hard labor and without parole, probation, or suspension. LRS 14:62.2.
When defendant appeared for sentence on January 23, 1985, he was allowed to enroll new counsel and to move to withdraw his guilty plea. CCrP Art. 559. At the hearing on the motion to withdraw the plea, defendant testified that he did not understand what he was doing when he pleaded guilty and that he did so only upon the advice of his appointed lawyer. Defendant argues that the trial court either should not have accepted his guilty plea or should have allowed its withdrawal because his “ineffective” counsel did not inform him of potential defenses and because the trial court did not properly Boykinize him or inform him of his constitutional rights. Defendant asserts that his guilty plea was not induced by a definite and binding plea bargain, but through his ignorance and by the mere recommendation of the prosecution to the court that defendant’s sentence exposure be limited to three years.
Defendant’s appointed counsel said that he advised defendant to plead guilty because, in counsel’s judgment, under the circumstances of the crime and the pro *925 ceedings to that point, it was in defendant’s best interest not to proceed to trial.
THE CRIME
Defendant was arrested shortly after he pawned some of the guns that had been reported stolen on January 9, 1984, from a home in Hall Summit. In a written confession to police, defendant admitted that he acted as “driver” for an alleged accomplice who entered the home and stole the guns which were later “sold” to him and which he later pawned. While defendant named his accomplice as “Jimmy Love,” defendant could not or did not describe him sufficiently to enable police to determine the alleged accomplice’s identity or whereabouts.
THE GUILTY PLEA AND EFFECTIVENESS OF COUNSEL
The record shows that the plea was made freely and voluntarily and that the trial court acted within its broad discretion in denying defendant’s motion to withdraw the plea. CCrP. Art. 559. Defendant’s allegation that his trial counsel was “ineffective” in recommending the guilty plea is self-serving, conclusionary, and factually unsupported by the record. See State v. Browning, 454 So.2d 1241 (La.App.2d Cir. 1984).
The standard for a voluntary plea, under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that the defendant be informed of, and expressly and knowingly waive, three federal constitutional rights: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one’s accusers. Browning, supra; State v. Nuccio, 454 So.2d 93 (La.1984). The Boy-kin colloquy between the judge and the defendant which is made part of the record is the usual manner of affirmatively showing what the defendant knows and understands about his rights and the charge against him. Nuccio, supra.
Defendant responded affirmatively to inquiries from the bench whether he understood the definition of the charge and each of the Boykin rights. Defendant acknowledged he had spoken with counsel and was satisfied with his representation. His counsel said that he had discussed with defendant the charge, the facts, the defendant’s rights, and that defendant had expressed his desire to plead guilty. In this case, as in Browning, supra,
There is no indication ... that there were any meritorious substantive defenses available to the defendant. The possibility that a jury might not accept the state’s evidence and might acquit exists in every case, and a proper Boykinization ... adequately informs the defendant of his jury trial rights and the necessarily concomitant possibility of acquittal. 454 So.2d at 1243.
CCrP Art. 559 permits a court to allow a defendant to withdraw a guilty plea before sentencing. The discretion to allow withdrawal of a guilty plea lies with the trial court and its decision cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Compton, 367 So.2d 844 (La.1979); State v. Franks, 391 So.2d 1133 (La.1980).
Without more than a defendant’s bare assertion that the recorded colloquy does not fairly represent his state of mind at arraignment, the decision whether to deny the motion rests on an evaluation of the credibility of defendant’s testimony. State v. Aylor, 416 So.2d 927 (La.1982). Defendant unequivocally answered the questions during Boykinization. The trial court conscientiously explained the rights waived and the possible consequences of the guilty plea. Under these circumstances, the denial of defendant’s motion to withdraw his guilty plea was not error.
Defendant also contends he should be allowed to withdraw the plea because there was no “binding” plea bargain. During Boykinization, defendant was asked:
Question: Do you understand the definition of Burglary of an Inhabited Dwelling?
Answer: Yes.
*926 Question: Do you understand, after a plea bargain agreement, it has been recommended that if the plea of guilty is accepted, you [c]ould be sentenced to serve three years at hard labor with the Department of Corrections, without benefit of parole, probation, or suspension of sentence?
Answer: Yes sir.
Question: Is anyone forcing you to enter this plea?
Answer: No sir. Emphasis supplied.
When a plea bargain is breached, a defendant should be allowed to withdraw a guilty plea because of his reliance on the breached bargain. Compare State v. Chalaire, 375 So.2d 107 (La.1979). A plea withdrawal need not be allowed where no promises are made to a defendant when the sentence imposed exceeds an estimate “based on the attorney’s experience.” See State v. Deakle, 372 So.2d 1221 (La.1979), and State v. King, 436 So.2d 661 (La.App. 4th Cir.1983). When he pleaded guilty, defendant said he understood no one was forcing him to enter the plea and he had not been promised anything. Furthermore, the one-year sentence imposed is only one-third the “recommended” three years.
■ Defendant’s argument that his plea was vitiated by the failure of his appointed counsel to investigate and explain potential defenses to him and to advise him of relevant facts to insure the plea was voluntary also fails.
A claim of ineffective assistance of counsel may be addressed on appeal when the claim can be meaningfully assessed from the record. State v. Burkhalter, 428 So.2d 449 (La.1983).
Louisiana has adopted the “reasonably effective assistance” standard announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that his counsel made errors “so serious that [he] was not functioning as the ‘counsel’ guaranteed ... by the Sixth Amendment.” 104 S.Ct. at 2064. Defendant must also show that the errors actually prejudiced him and resulted in a trial or proceeding with an unreliable result. Failure to satisfy either component of the standard defeats the claim of ineffectiveness of counsel. State v. Sheppard, 466 So.2d 493 (La.App. 1st Cir.1985).
Defendant has shown no facts indicating that his appointed counsel made any mistakes or culpable errors in judgment. During Boykinization, defendant said he was satisfied with his representation and did what his attorney told him to do. The record shows that appointed counsel advised defendant to plead guilty because, in counsel’s judgment, it was in his client’s best interest not to proceed to trial. Considering defendant’s statement to the police and the recommendation of the State, we cannot say that counsel’s advice was serious error. Defendant’s representation was not so deficient as to deprive him of the effective counsel guarantee.
THE SENTENCE
Defendant lastly contends that the trial court failed to articulate reasons and factual bases for the sentence as CCrP Art. 894.1 requires. The trial court imposed the statutory minimum of one year hard labor without benefit of probation, parole, or suspension of sentence. Even if the trial court failed to articulate the sentence considerations under CCrP Art. 894.1, a remand for resentencing is not warranted in these circumstances. Defendant could not be sentenced to a lesser sentence than that imposed for this particular crime.
Defendant’s conviction and sentence are AFFIRMED.