DOMENGEAUX, Judge.
Defendant, John P. Crawford, was charged by bill of information with violating La.R.S. 40:966(A)(1), possession of marijuana with intent to distribute. After a trial before twelve jurors, defendant was found guilty as charged and sentenced to three years at hard labor. The sentence was thereafter suspended and defendant was placed on active probation with special conditions for three years.
Defendant appeals and alleges two assignments of error. Defendant’s first assignment of error alleges that his right as an indigent to appointed legal representation was denied. Defendant’s second assignment of error alleges that his conviction rests on insufficient evidence and is, therefore, unconstitutional. Defendant’s second assignment of error has not been briefed and is, therefore, considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NO. 1
Defense counsel urges, absent a knowing and intelligent waiver of the right to counsel, that the trial court erred in failing to appoint a third attorney to represent defendant.
In October of 1979, defendant, John P. Crawford, was charged by bill of information with possession of marijuana with intent to distribute. Blaise L. Hill was appointed by the Indigent Defender Board of the Ninth Judicial District Court to represent defendant.
On November 20, 1979, Hill and. Charles J., Yeager filed a motion to have. Hill’s name withdrawn as counsel of record and Yeager’s name enrolled as appointed counsel of record. An order directing Hill’s name be withdrawn and Yeager’s name enrolled was signed on November 20, 1979 by Judge Lee of the Ninth Judicial District Court.
Yeager represented defendant at the arraignment on November 20, 1979. Some time in January of 1980, defendant informed the court that he no longer desired the services of Yeager, his second court appointed attorney. Upon his desire being made known to the court, the trial scheduled for January 14, 1980 was continued until January 21, 1980, to allow defendant an opportunity to engage other counsel. On January 23, 1980 this matter went to trial. Defendant appeared, but without counsel, and the trial proceeded with defendant representing himself.
Article 1, § 13 of the Louisiana Constitution and Article 513 of the Louisiana Code of Criminal Procedure provide that an indigent defendant charged with an offense punishable by imprisonment has the right to a court appointed attorney. Defendant was provided with not one but, two court appointed attorneys and now complains *952 that the trial court erred in not appointing a third.
Defense counsel’s entire argument centers around the alleged absence of a waiver of defendant’s right to counsel. There are several well established principles of law in the area of waiver which defense counsel correctly recognizes. “Absent a knowing and intelligent waiver of the right to counsel, no one may be imprisoned for any offense unless he is represented by counsel at trial.” State v. Smith, 479 So.2d 1062, 1063 (La.App. 3rd Cir.1985). “Before the trial court can accept the defendant’s waiver of counsel, the record must indicate that the court attempted to determine defendant’s literacy, competency, understanding and volition.” Smith, supra; at 1063. “Furthermore, the defendant should be made aware of the dangers of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open’.” Smith, supra, at 1063.
While an argument may be advanced that the colloquy between defendant and the trial judge was less than sufficient under the Smith standard, the issue is not whether defendant made a valid waiver. The issue is whether a defendant having had two attorneys appointed to represent him, is entitled to the appointment of a third attorney when he expresses dissatisfaction with the second.
A court is under no duty to appoint new counsel simply because defendant shows he and appointed counsel are not personally compatible and defendant is not satisfied with the counsel’s representation. State v. Holmes, 460 So.2d 1091 (La.App. 2nd Cir.1984). A court is not required to appoint an attorney to replace the originally appointed attorney simply because the indigent defender desires a new attorney, absent a showing that the court appointed attorney is inept or incompetent to represent the accused. State v. White, 235 So.2d 84 (La.1970); State v. Robinson, 302 So.2d 270 (La.1974); State v. O’Neal, 501 So.2d 920 (La.App. 2nd Cir.1987). In White the Supreme Court stated that the “willingness of a member of the Bar of this state (duly authorized and actively engaged in the practice before the courts of this state) to accept the representation of an indigent defendant is sufficient unto itself to assure the accused that he will be adequately and properly represented.” White, supra, at 86. In State v. Harper, 381 So.2d 468, 471 (La.1980), the Supreme Court stated that a “defendant’s refusal without good cause to proceed with able appointed counsel amounted to a waiver of his right to assistance of counsel.”
There is only minimal evidence in the record addressing Yeager’s alleged inadequacy or defendant’s dissatisfaction. Defendant stated:
I didn’t have enough money to hire someone who ... to ... uh ... do it for me. And ... uh ... Mr. Hill, uh ... sort of like passed me on to Mr. Yeager and I accepted him but I had ... had to ask for another attorney because of his seeming prejudice and bias ... uh ... towards ... uh ... me ... uh ... he never, not one time, ... uh ... took anything I said into consideration, as far as defending me. He only brought me back ... uh ... something that had been discussed ... uh ... without my knowledge, or told me nothing about it, or what was said, and said this is what you can get from ... which is not fair to me at all....
The above quoted paragraph is insufficient to support a conclusion that Yeager was inept or incompetent to represent defendant. It appears more to be a situation of defendant not personally getting along with appointed counsel and/or being dissatisfied with appointed counsel.
In the court’s colloquy with defendant, the court summed up the current state of the law by stating:
Allright, sir, you have the right to represent yourself. You also have the right to an attorney, however, the law gave you that right, fulfilled its duty when it appointed counsel for you, and the fact that you voluntarily dismissed your attorney doesn’t impose on the law the obligation to keep appointing attorneys for you until you find one that you like.
*953 Absent a valid waiver, defendant was entitled to and did receive the assistance of appointed counsel. Defendant expressed dissatisfaction with appointed counsel, however, he failed to prove that appointed counsel was inadequate or inept. Absent a showing of inadequacy or ineptness on the part of appointed counsel, defendant is not entitled to another appointed attorney.
For the reasons assigned, we find no merit in this appeal and, accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.