FRED W. JONES, Jr., Judge.
The defendant, White, was indicted on 47 counts of pornography involving juveniles in violation of La.R.S. 14:81.1, three counts of aggravated rape in violation of La.R.S. 14:42, and three counts of aggravated crime against nature in violation of La.R.S. 14:89.1. Pursuant to a plea bargain and against the advice of counsel, the defendant pled guilty to one count of aggravated rape and one count of aggravated crime against nature. On the day of sentencing, defendant moved to withdraw his guilty plea. The motion was denied. The defendant was sentenced to the mandatory term of life at hard labor on the aggravated rape conviction and to the maximum term of 15 years at hard labor on the aggravated crime against nature conviction, both without benefit of parole, probation or suspension of sentence. The sentences were ordered to be served consecutively. Defendant appealed complaining that the trial court erred in denying his motion to withdraw his guilty plea and that the imposition of these sentences as consecutive is constitutionally excessive. We find these assertions of error to be without merit. The sentences are affirmed.
The charges arose from the 50 year-old defendant taking semi-clothed and nude photographs of, and engaging in and photographing sexual acts with, his 11 year old niece, S.H., from approximately January 1987 until September 1988, when the victim complained to her father. A seven year old girl, who had been present in the defendant’s home when he took the photographs corroborated the victim’s complaint. A search warrant issued, resulting in the seizure of 47 photographs. They depicted the victim in various stages of undress, and also showed the defendant and the victim engaging in sexual intercourse and acts *554 constituting crimes against nature. Handwritten dates, determined to have been made by the defendant, and one of his fingerprints were found on the photographs. The defendant’s motion to suppress the photographs was denied.
On the date set for trial, the defendant offered a Crosby plea, proposing to plead guilty to one count of aggravated rape while preserving his right to appeal the denial of his suppression motion. The state rejected the offer. The defendant, against the advice of his two counsel, pled guilty to one count each of aggravated rape and aggravated crime against nature. The trial court explained defendant’s rights to him at length during the Boykinization, and discussed the effect of a guilty plea on his right to appeal the adverse ruling on the motion to suppress several times.
On the day of sentencing, the defendant moved to withdraw his guilty plea. The motion was denied, defendant was sentenced, and this appeal followed.
The defendant contends the trial judge erred in denying his motion to withdraw his guilty plea on the ground he did not understand the adverse effects of such a plea on his right to appeal the denial of his suppression motion. The Boykin colloquy between the judge and the defendant clearly shows that the defendant knew and understood that his plea would prevent appeal of the prior adverse ruling.
The trial court questioned the defendant extensively and explained all the rights he would have if he went to trial and which he would waive if he pled guilty. The trial judge said, “Now, Mr. White, if you went to trial and you were convicted of the offense ... you would have the right to appeal ... to see if any errors were made_ In other words, if you had pretrial motions that were decided by a judge, such as a motion to suppress ... and if you were not satisfied with the result on that motion, you would have the right to appeal that decision.” Defendant said he understood.
The trial judge also asked the defendant if he understood that he was not going to have a trial, and that he would give up all the rights the judge had previously discussed. Defendant said he understood and that he wanted to do so.
The colloquy continued with detailed discussion of: the offenses charged, their elements and penalties; the court’s option to impose sentences concurrently or consecutively; the evidence in support of the charges; and the fact that no promise had been made that defendant would receive concurrent sentences. The court asked, “Do you understand that by pleading guilty, you’re going to be giving up your right to appeal the motion to suppress?” The defendant answered, “Yes.” In response to other questions, the defendant acknowledged that the decision to plead guilty, although against the advice of his two attorneys, was his decision, that he understood all the rights his guilty plea would be giving up, and that he had no questions.
La.C.Cr.P. Art. 559 permits a court to allow a defendant to withdraw a guilty plea at any time before sentencing. The discretion to allow withdrawal of a guilty plea lies with the trial court and its decision cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Johnson, 406 So.2d 569 (La.1981); State v. Franks, 391 So.2d 1133 (La.1980), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981); State v. Wilson, 482 So.2d 923 (La.App. 2 Cir.1986).
The record reflects that the trial judge extensively interrogated defendant and properly explained his rights to him before accepting the guilty plea. Defendant clearly understood his rights and the consequences of his plea, including its effect on his right to appeal the adverse ruling on the suppression motion. There was no abuse of discretion, nor was the discretion exercised arbitrarily. The trial judge’s denial of defendant’s motion to withdraw his guilty plea was not error.
Equally, the trial judge did not abuse his discretion in imposing consecutive maximum sentences on this defendant. A trial judge is given wide discretion in the imposition of sentences within statutory *555 limits, and the sentences imposed will not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 445 So.2d 1171 (La.1984); State v. Molinario, 400 So.2d 596 (La.1981).
While it is true that sentences for crimes arising out of a single course of conduct are generally served concurrently instead of consecutively, consecutive sentences for crimes arising out of the same course of conduct have never been held excessive per se. State v. Williams, supra; State v. Smith, 539 So.2d 993 (La.App. 4th Cir.1989); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987). The imposition of consecutive sentences for convictions arising out of a single course of criminal conduct, however, does require particular justification. State v. Lewis, 416 So.2d 921 (La.1982); State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
In State v. Sherer, 437 So.2d 276 (La.1983), the court stated:
“Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public." (emphasis added).
The sentencing court thoroughly complied with the requirements of La.C.Cr.P. Art. 894.1. Along with its discussion of each of those factors, the court additionally noted that the defendant’s conduct threatened serious emotional harm to the victim and that she was undergoing counseling at the time of sentencing. The misconduct was not occasional; rather, it had occurred over a lengthy period of time which would have allowed the defendant time to reflect on his actions. The defendant had tried to involve two other young children in his sexually exploitive activities. The court noted that people who sexually abuse children sometimes repeat their offenses, and that both counts of conviction specifically precluded parole, probation, or suspension of sentence. The judge found that the public, especially young children, needed protection from the defendant, and that the sentence to be imposed for these extremely serious offenses should act as a deterrent to others.
The trial court then sentenced the defendant to the mandatory life term for aggravated rape and to the maximum 15 year term for aggravated crime against nature, and ordered the sentences to be served consecutively.
Thus, the sentencing court found that the defendant posed an unusual risk to the public safety by his repeated criminal conduct over a lengthy period of time, his attempts to involve other youthful victims in his illicit action, and the chance for recidivism. These findings were considered with the Legislature’s obvious belief that these offenses are of the worst nature.
The sentencing court had no discretion as to the sentence for aggravated rape. The statute requires a sentence of life in prison without benefit of parole, probation, or suspension of sentence. Likewise, any sentence imposed for the offense of aggravated crime against nature must be without benefit of suspension of sentence, probation or parole.
We find that the trial judge adequately stated for the record the considerations he took into account and their factual bases in imposing these maximum sentences and that he properly justified his decision to order the sentences to be served consecutively. Due to the defendant’s repeated criminality over an extended period of time, the nature of these offenses, the unusual risk the defendant posed to society by trying to lure other youthful victims into his activities, and the need for deterrence for others who may contemplate such actions, the trial judge did not abuse his discretion in making the sentence for aggravated crime against nature consecutive with the sentence for aggravated rape.
For these reasons, the conviction and sentences are AFFIRMED.