301 So.2d 594 (1974)
STATE of Louisiana, Appellee,
v.
Sterling SMITH, Appellant.
No. 54789.
Supreme Court of Louisiana.
October 11, 1974.
*595 Milton P. Masinter, Brian Perry, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty years at hard labor. On his appeal, he relies upon three specifications of error. We do not find reversible merit in any of them.
The defendant is charged with robbing a window-clerk of a fried-chicken restaurant at about 9:30 PM. This employee and another employee-witness identified the defendant by build and the pattern of facial hair as one of the two masked armed robbers. The defense, essentially, is one of mistaken identification and alibi.
The defendant himself and several witnesses testified that he was at his sister's home playing cards from 8:00 to 10:30 PM, or during the entire time of the 9:30 robbery. The sister's home was some twenty blocks from the robbed establishment.

First Specification of Error
The defendant lived with his mother across the street from the establishment robbed. The mother testified that the defendant had left their home with his 10-year-old brother to go to the sister's house at 8:00 PM or so and had not come home until 10:30 PM or so; her testimony thus corroborated the alibi witnesses.
On cross-examination, she was asked if she had told the police officers, at the time they came to arrest her son (about an hour and a half after the robbery), that her son had been at home with her between 9:00 and 10:30 PM that evening. She positively denied having made this prior statement, which of course was inconsistent with her in-court statement. Tr. 163.
The basis of this specification of error is the trial court's overruling of objections to the testimony of three police officers, on rebuttal (Bill Nos. 2, 3, and 4), that the mother had told them that her son was at home from 9:00 to 10:30 PMi. e., across the street from the establishment robbed at 9:30 PM. This pre-trial statement of hers was, of course, inconsistent with her trial testimony that the defendant had been at his sister's home, some twenty blocks away, during that period.
Thus, the prior inconsistent statements were admissible for the purpose of impeaching the mother's trial testimony. *596 La.R.S. 15:493. We are unable to find merit in the contention that a proper foundation was not laid in accordance with that article: Before evidence as to these prior inconsistent statements was introduced, the defendant's mother was asked whether (and denied that) she had made them to the arresting officers, with time, place, and circumstance sufficiently identified.

A Second Specification of Error
The defendant further contends that the trial court erred in failing to grant a new trial.
The grounds were (a) that the testimony identifying the defendant as one of the robbers was weak and unclear and (b) that, at a new trial, the defendant should be allowed to introduce recently-discovered Charity Hospital records to show that, as he had claimed during the first trial and as his mother and brother had testified, he had been shot in the leg a week before the robbery.
As to (b), the thrust of the latter testimony was to weaken the identification testimony, on the claim that the defendant was limping badly and could not have been one of the masked robbers. At the trial, the defendant and his mother testified that he had been at work on the day of the robbery, and the arresting police officers testified that he walked normally at the time of the arrest. The issue of his limping or nor because of the wound was fully before the jury. The non-diligent failure to present the corroborating Charity Hospital record at the trial is not, under the circumstance, a cause to grant a new trial. See La.C.Cr.P. art. 851(3).
As to the (a) ground, the trial court did not abuse its discretion in denying a new trial by finding that the identification testimony, although possibly weak, was nevertheless sufficient to support the verdict when accepted by the trial jury. La.C.Cr.P. art. 851(1) and (5).

Third Specification of Error
The final specification of error (Bill No. 1) was taken to the trial court's denial of a motion to strike certain rebuttal testimony by a police officer. He testified that, at the time of the arrest, the defendant had identified an object taken from his person as belonging to him. (This was contrary to the defendant's previous trial testimony that the object belonged to a friend.) Since the object had nothing at all to do with the robbery or the defendant's conduct at that time, apparently the purpose of the questioning was to prove a prior inconsistent statement.
No objection was made to the testimony as being irrelevant, nor to it as being improper impeachment since as to a collateral fact or irrelevant matter. La.R.S. 15:494. The statement sought to be proved by way of impeachment was not a confession, nor an admission involving the existence of a criminal intent or an inculpatory fact, see 18 La.L.Rev. 140-142 (1957), and it is doubtful that a predicate need be laid.
Pretermitting this issue, however, we find no merit to the bill. The trial court had sustained the defendant's earlier objection and had ordered the state to prove the voluntariness of the admission. Without objection by the defense, the state asked a series of three questions and established the prior inconsistent statement. After the state had rested with this witness, the defendant then moved to strike his testimony on the ground that the predicate was inadequate.
The motion to strike is not recognized as a procedural remedy, at least where the defendant had failed to re-urge his objection if he felt that the further examination did not adequately prove the predicate of voluntariness. State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).

*597 Decree

For the reasons assigned, therefore, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., concurs.