351 So.2d 1158 (1977)
STATE of Louisiana
v.
Keith Anthony KLEIN.
No. 59422.
Supreme Court of Louisiana.
November 14, 1977.
Thomas W. Mull, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
*1159 SUMMERS, Justice.
Appellant, Keith Klein, was charged by bill of information with the armed robbery of Joel Jolley on November 3, 1975. La. Rev.Stat. 14:64. After entering a plea of not guilty he was tried, found guilty of simple robbery and sentenced as a multiple offender to serve 6½ years at hard labor.
Three errors are assigned in support of this appeal.

Assignment 1
According to the defense it was error for the trial judge to refuse to permit defense counsel to ask the investigating officer, Peter Cuadrado, where he had been told the victim was robbed. In addition, the defense contends the trial judge erred in refusing to allow defense counsel to impeach the testimony of Officer Cuadrado by using the statements made by the officer in the preliminary hearing held in this case.
According to defendant's brief Officer Cuadrado testified at the preliminary hearing that the victim stated that he had been robbed at the "Magazine Street entrance to the Hibernia Bank". Accepting this version of Officer Cuadrado's testimony, although it does not seem to be supported by the record in those explicit terms, defendant's contention is without merit. At the trial, the victim testified that he had been robbed at the General Pershing Street entrance. (The robbery occurred immediately after the victim Jolley walked out of the bank located at the corner of Magazine and General Pershing Streets).
After testifying at the trial that he had been robbed at the General Pershing Street entrance of the bank, the victim was asked by defense counsel:
"Q. Did you ever tell the Police you walked out the Magazine Street entrance?
A. No.
Q. You are positive about that?
A. I am positive.
Q. Now, when you got outside the bank, were you robbed right near the door or did you walk down the street some?"
This line of questioning was then discontinued. Defense counsel did not at this time attempt to impeach the victim Jolley, and obviously he could not do so on the basis of the foundation thus laid.
"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible." La.Rev.Stat. 15:493.
All the witness was asked here was whether he told the police he walked out the Magazine Street entrance of the bank, to which the witness answered "No." Defense counsel failed to refer to the time or circumstances. He accepted the witness' answer and pursued another line of questioning. State v. Evans, 317 So.2d 168 (La. 1975) and State v. Smith, 301 So.2d 594 (La.1974).
Then, in an apparent effort to rebut the victim's testimony, when Officer Cuadrado was called as a witness by the State, defense counsel sought on cross-examination to question him about his testimony at the preliminary hearing. He was asked where the victim told him the robbery took place and the trial judge ruled that the question sought hearsay. Thus, in this latter instance the trial judge did not deny defense counsel the right to impeach the victim's testimony.
This assignment is without merit.

Assignment 2
Appellant's mother Marion Klein was called as a witness for the defendant. She testified that the victim came to her house about 4:15 on the afternoon of the *1160 alleged robbery, and, when she sought to testify to what he said to her on that occasion, the State's attorney objected that the testimony would be hearsay. The trial judge sustained the objection. No objection was made to the ruling and no error was assigned at that time.
In brief defense counsel argues that the ruling denied the defendant the right to testimony which was part of the res gestae, statements of the victim to appellant's mother concerning the facts of the robbery within ten to fifteen minutes of the occurrence.
This assignment of error is not well taken. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. The party aggrieved should, at the time the ruling is made, make known to the court his objections and the grounds therefor. La. Code Crim.Pro. art. 841.
This assignment is without merit.

Assignment 3
It is contended in brief that in the State's rebuttal argument to the jury the prosecutor declared that defendant was in the throes of a narcotic seizure at the time of the offense. According to defense counsel's brief, this was extremely prejudicial and was in no way supported by the evidence.
The defense contention is not well-founded. Although the defense has not lodged the entire transcript of the rebuttal argument in this Court to support its contention, the record has been supplemented with selected portions of the transcript bearing upon the issue raised by this assignment. The record discloses that defendant took the stand and while he was being cross-examined by the prosecutor the following exchange took place:
"Q. Did you ever make a statement that I will be sick tomorrow, I am taking six bags of heroin a day?
A. No, sir, I never . . . .
Q. You didn't make that statement when you were booked at the Central Lock-Up for this armed robbery?
A. No, sir, I never. I did make a statement about narcotics though.
Q. I am going to ask you what your counsel previously marked as D-2. What does that say right there?
A. I will be sick tomorrow, I take six bags of heroin a day.
* * * * * *
Q. Do you have any idea how that got there?
A. No, sir, I don't.
Q. Whose arrest register is that?
A. Keith A. Klein.
Q. What are you charged with?
A. Armed robbery.
Q. What's the date?
A. 11/4/75.
Q. But you didn't make that statement?
A. No, sir, I never. I did make a statement about narcotics though."
Defendant did admit that he made a "statement about narcotics." However, when faced with his statement in the arrest record, "I am taking six bags of heroin a day," he denied that he made such a statement. No objection was made to the prosecutor's reference to the arrest record or its content. Thus, while defendant did contradict the arrest record, its content disclosed by the prosecutor's question did nevertheless constitute damaging evidence that defendant was using large quantities of heroin at the time of his arrest.
Considering the fact that the arrest register indicated an admission of heavy heroin use on the day of the offense, the prosecutor's argument that defendant was in the throes of a narcotic seizure at the time of the offense may fairly be said to be a logical and reasonable inference from the evidence.
Inferences from facts established or indicated by trial evidence are permissibly drawn by counsel during argument. State v. Sheppard, 350 So.2d 615 (La., decided September 19, 1977); State v. Lockett, 332 So.2d 443 (La.1976).

*1161 This assignment is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs, disagreeing with the treatment of assignment # 2.