438 So.2d 1221 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Dannie Keith JOHNSON, Defendant-Appellant.
No. CR83-44.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1223 Janice G. Clark, Baton Rouge, for defendant-appellant.
Dracos D. Burke, Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Dannie Keith Johnson, was convicted of first degree murder in violation of LSA-R.S. 14:30. Following a sentencing hearing, the jury recommended a sentence of life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals the conviction and has perfected twelve assignments of error.
FACTS
On Friday, February 5, 1982, the defendant, Dannie Keith Johnson, went to Fremin's Food & Furniture Store in New Iberia, Louisiana. While shopping there, he was suspected of shoplifting by David and Ross Fremin. As defendant prepared to exit the store he was detained by the Fremins. He voluntarily went with the Fremins to a storeroom in the back. In the storeroom defendant pulled a .32 caliber H & R revolver and fired a shot at David Fremin, striking him in the arm.
Defendant then ran out of the storeroom and down the produce aisle of the grocery section of the store toward the front door. A store employee, William Landry, was restocking a Coke machine in the aisle. Defendant shot at Landry, striking him in the arm. Another employee, Kevin Broussard, was also working in the aisle. Defendant fired a third time, killing Broussard.
As defendant fled the store another employee followed him in an automobile, but abandoned the chase after defendant fired a fourth shot that shattered the pursuer's windshield.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
These two assignments have to do with the trial court's overruling of challenges for cause with respect to two prospective jurors. One prospective juror was a former deputy sheriff in another parish and the other was a businessman who knew the store owners and one of the victims and who himself had been a victim of crimes.
Both these jurors were questioned by defendant on voir dire about the causes which he suspected might make them prejudiced. Both responded that they would not be prejudiced and that they could be fair and impartial. The trial court joined in the questioning and was satisfied as to the impartiality of the jurors.
The trial court has wide discretion in the evaluation of the attributes required to qualify a prospective juror. State v. Webb, 364 So.2d 984 (La.1978). We find no abuse of that discretion.
These assignments are without merit.
ASSIGNMENTS OF ERROR NOS. 3 AND 11
An objection was made to the use by the State of a sketch of the scene of the crime. *1224 The basis for the objection was that the sketch was not drawn to scale.
A diagram offered in evidence for the purpose of assisting the jury in its understanding of the testimony need not be exact as to scale and distances to be admissible. Any inaccuracies go to the weight to be given the evidence. State v. Andrews, 369 So.2d 1049 (La.1979); State v. Toomer, 395 So.2d 1320 (La.1981).
A motion to inspect the scene of the crime was denied by the trial judge and is presented to us for review as assignment of error no. 11. Whether the jury is allowed to view the scene of the crime is a matter within the sound discretion of the trial court. State v. Gallon, 338 So.2d 920 (La. 1976). There has been no showing in the instant case of any compelling reason supporting this request that would make its denial an abuse of discretion.
Defendant additionally argues that a view of the scene itself was the best evidence as opposed to the inaccurate sketch, relying on LSA-R.S. 15:436. The "best evidence" rule must be applied sensibly and with reason. State v. Fallon, 290 So.2d 273 (La.1974). Absent a showing of prejudice, a conviction will not be reversed on the ground that the best evidence was not produced. State v. Bennett, 341 So.2d 847 (La.1976).
The defendant has not shown how the denial of the motion to allow the jury to view the scene was prejudicial. The jury was given a sufficient understanding of the scene from witness descriptions and the diagram to intelligently follow the testimony.
These assignments are without merit.
ASSIGNMENT OF ERROR NO. 4
A blown up photograph was shown the jury depicting the aisle where the victim was slain. The body had been removed before the photograph was taken but there was a considerable amount of blood on the floor. This assignment addresses itself to the admission of this photograph before the jury, the contention being that its inflammatory effect outweighed its probative value.
The test for admissibility of allegedly gruesome photographs is whether their probative value outweighs any prejudicial effect. State v. Boyer, 406 So.2d 143 (La.1981). A photograph has probative value if it illustrates any fact, sheds any light upon an issue in the case or is relevant to describe the person, thing or place depicted. Id.
This photograph could not be described as particularly gruesome. True, it showed blood on the floor, but the body had been removed before the picture was taken. Furthermore, the photograph was useful in depicting the scene of the crime and to acquaint the jury with the appearance of the aisle and fix the spot where the victim died. The probative value of the photographs outweighed whatever prejudice may have resulted from the mere presence of blood.
We also find no merit to the contention that these photographs were not adequately identified.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial court erred when it sustained the State's objection to questions by his counsel during cross-examination which related to the credibility of the testimony of one of the State's previously called witnesses. David Fremin, one of the store owner's sons and a witness for the State, under cross-examination denied ever pushing the defendant. He was not asked whether he had ever told anyone he had pushed the defendant. During the cross-examination of Captain Melvin Judice of the New Iberia Police Department, the defense sought to elicit testimony from the captain of admissions by David Fremin that he had in fact pushed the defendant. The State objected to this testimony.
On appeal, the defendant for the first time contends that the testimony should have been admitted under LSA-R.S. 15:492 to show bias, interest or corruption. At *1225 trial, the basis of the defense objection to the court's ruling was that the testimony would show prior contradictory statements by one of the Fremins for impeachment purposes.
A new basis for objection cannot be raised for the first time on appeal. LSA-C. Cr.P. art. 841. State v. Fowlkes, 352 So.2d 208 (La.1977).
We find that the trial court properly refused to permit the testimony. The testimony sought from Captain Judice was hearsay, and the only exception which would have made it admissible was LSA-R.S. 15:493. This article reads:
§ 493. Foundation for proof of contradictory statement
Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.
In the instant case, a proper foundation was not laid to allow the prior statement into evidence. Defense questioning of David and Ross Fremin failed to apprise them of the possible prior inconsistent statement. Our Supreme Court has stated that the requirement for a proper foundation is to be applied strictly. State v. Heard, 408 So.2d 1247 (La.1982); State v. LaFleur, 398 So.2d 1074 (La.1981). The rationale for a strict construction is to obviate surprise, to let the witness either deny or explain the inconsistency. The witness can do neither unless he is told exactly which statement he is dealing with.
This assignment has no merit.
ASSIGNMENT OF ERROR NO. 6
Defendant urges the trial court erred when it overruled his objection based on relevancy to questions by the State which revealed that the serial number on the alleged murder weapon was obliterated.
LSA-R.S. 15:441 provides:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
Defendant contends that the fact that the serial number on the gun was obliterated did not tend to show the commission of the offense and that its only value was to prejudice the jury by associating him with the type of weapon used by "criminals." However, defense counsel allowed the fact that the serial number was obliterated to be mentioned previous to the objection. The officer who found the gun testified it did not have a visible serial number. This fact was useful as a specific identifying feature of the weapon.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), the court held, "To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case." As previously mentioned, the officer who retrieved the weapon used the obliterated serial number as a specific identifying feature of the weapon. According to Dotson, supra, the trial judge was correct in allowing the obliteration of the serial number of the weapon to be used as an identifying feature of the weapon.
The defendant, more particularly, urges that the expert firearms identification witness should not have been allowed to refer to the obliterated serial number in his testimony. Again, the obliterated serial number is a specific identification characteristic of the weapon. The relevancy must be determined by the purpose for which counsel offers it, according to LSA-R.S. 15:442. In State v. Mixon, 258 La. 835, 248 *1226 So.2d 307 (1971), the court noted, "When a weapon is used in the commission of a crime, that weapon and the method of securing the weapon to be used in evidence are material." In addition, a determination of relevancy lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. State v. Winston, 343 So.2d 171 (La.1977); State v. Gallow, 338 So.2d 920 (La.1976). The absence of a serial number, or an obliterated serial number, was an identifying characteristic of the weapon used in the crime. The trial judge did not abuse his discretion by permitting this testimony. This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 7 AND 8
Defendant urges the trial court erred when it sustained the State's objection to testimony regarding statements made by the defendant within a short time after the alleged offense. At the trial, defense counsel sought to elicit information from the defendant's mother, Mrs. Simon, as to what she was told by defendant shortly after the alleged offense. The defendant argues that the testimony was admissible as part of the res gestae.
The transcript reflects that when the prosecuting attorney objected to the questioning of the mother, the trial judge sustained the objection. The record further reflects that defense counsel did not object to the trial court's ruling. LSA-C.Cr.P. art. 841 provides in part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The Louisiana Supreme Court was faced with a similar situation in State v. Klein, 351 So.2d 1158 (La.1977). In Klein, the defendant had been charged with armed robbery. The defendant's mother was called as a witness for the defendant. She testified that the victim came to her house about 4:51 on the afternoon of the alleged robbery, and, when she sought to testify to what he said to her on that occasion, the State's attorney objected that the testimony would be hearsay. No objection was made to the ruling and no error was assigned at that time. The defense attorney in Klein, supra, argued in brief that the ruling denied the defendant the right to present testimony which was part of the res gestae. The Louisiana Supreme Court held that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. The party aggrieved should, at the time the ruling is made, make known to the court his objections and the grounds therefor. LSA-C. Cr.P. art. 841.
The ruling in Klein is dispositive of the present assignment of error; consequently, the assignment lacks merit.
ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial court erred in refusing to allow testimony regarding the previous handling by the store owner of shoplifters, where said testimony was sought to impeach the credibility of certain State witnesses. Defendant sought to have a witness testify as to the manner in which shoplifters had been handled by the Fremins on prior occasions. Defense counsel argues that these statements bore on the credibility of the State's witnesses and on the defendant's claim he was physically abused by the witnesses.
A similar issue was addressed by the Louisiana Supreme Court in State v. Stevenson, 390 So.2d 1292 (La.1980). In that case, at a hearing on a motion to suppress a confession, the defendant wanted to call witnesses to testify as to past acts of physical abuse by two police officers. In upholding a ruling that the testimony was not relevant, the court declared:
The trial judge is vested with wide discretion in determining the relevancy of *1227 evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, 355 So.2d 1305 (La.1978). Clearly, the evidence sought to be introduced by defendant could not be said to be relevant to the material issue at this hearing, that is, whether this defendant was physically abused by Chief Andrus and Deputy Boyd on the date in question. Defendant admitted that none of the witnesses had any knowledge of the incidents defendant complained of. We find no abuse of discretion by the trial judge in finding the testimony sought to be adduced at the hearing was irrelevant to the issue before the court and thus inadmissible.
Each side has the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La. R.S. 15:486. However, it is not competent to impeach a witness as to collateral facts or irrelevant matter. La.R.S. 15:494; State v. Bennett, 357 So.2d 1136 (La.1978). When the general credibility of a witness is attacked, the inquiry must be limited to general reputation and cannot go into particular acts, vices or courses of conduct, La.R.S. 15:490, 491, State v. Marshall, 359 So.2d 78 (La.1978), State v. Frentz, 354 So.2d 1007 (La.1978), or the witness' credibility may be attacked only insofar as his credibility in the case on trial is concerned, La.R.S. 15:490. While evidence of bias in the special case on trial may be admissible, La.R.S. 15:492, a witness' bias against the opposing party must be direct or personal rather than indirect or general in nature. State v. Lewis, 328 So.2d 75 (La.), cert. denied, 429 U.S. 833, 97 S.Ct. 98, 50 L.Ed.2d 98 (1976). Even jurisdictions which permit character-impeachment by proof of prior acts of misconduct limit that proof to what can be brought out on cross-examination and would not allow the calling of other witnesses to prove the discrediting acts. McCormick, Evidence (Cleary ed. 1972), § 42; 3A Wigmore, Evidence (Chadbourn rev. 1970), § 979. Moreover, the type of prior misconduct which is admissible for the purpose of impeaching the credibility of a witness has been expressly limited by the legislature to evidence of conviction of crime. La.R.S. 15:495.
For the same reasons, we find that the trial judge did not abuse his discretion in ruling that this testimony was inadmissible. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 10
Defendant wished to call two witnesses, one to establish that Ross Fremin used "force, mace and ... physical violence" on a shoplifter previously, and the other to establish that David Fremin threatened her with a billy club. This testimony would have presumably established the procedure employed by the Fremin sons for handling suspected shoplifters and would have served as corroboration of defendant's testimony that he was physically abused in the storeroom. This assignment is based on the refusal of the trial court to allow this testimony.
We have partially answered this assignment in our discussion of assignment of error no. 9. Primarily, defendant relies on LSA-R.S. 15:482, which provides:
§ 482. Restriction on use of evidence of threats or dangerous character of party injured
In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.
Ross Fremin was not injured in the rampage; evidence of his dangerous character was not admissible under the article. David Fremin was shot in the arm. Assuming that he was a victim under the article; assuming, further, that a proper foundation was laid, we nevertheless find that the trial court was correct in excluding specific incidents to prove the dangerous character of David Fremin or threats against the accused. Assuming an overt act was shown, evidence of the victim's dangerous character or of his threats against the accused is admissible in support of a plea of self-defense for two distinct *1228 purposes: (1) to show defendant's reasonable apprehension of danger which would justify his conduct; and (2) to help determine who was the aggressor in the conflict. State v. Lee, 331 So.2d 455 (La.1975).
In order for evidence to be admissible to show defendant's reasonable apprehension of danger, it must be shown that defendant knew of the victim's prior acts of violence or reputation for violence at the time of the incident. State v. Gomez, 365 So.2d 1313 (La.1978); State v. Bernard, 358 So.2d 1268 (La.1978); State v. Boss, 353 So.2d 241 (La.1977). On the other hand, if the evidence is to be introduced to help determine who was the aggressor in the conflict, evidence of general reputation, not evidence of specific acts or personal opinion, is admissible. State v. Gomez, supra; State v. Bernard, supra.
In the present case, there was no evidence to indicate that defendant knew of the victim's prior acts of violence. Consequently, the only other means for which the evidence of dangerous character was admissible was to determine the aggressor. According to Gomez, only general reputation is admissible, not evidence of specific acts. Therefore, the trial judge correctly noted that only evidence of general reputation was admissible, not specific instances. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 14
Defendant contends the trial court erred when it failed to grant his motion for a new trial. The new trial argument is based on the "ends of justice" provision of LSA-C. Cr.P. art. 851. Defendant also avers that the State did not carry its burden of proving beyond a reasonable doubt all the elements of the crime charged, more particularly the element of specific intent. Finally, grouped in this assignment of error is the contention that defendant was deprived of his constitutional right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974, because of the rulings made by the trial court on objections during the trial.
The jurisprudence has accorded a great deal of weight to the trial judge's decision to grant or deny the motion for a new trial, and his discretion will not be disturbed in the absence of a clear abuse. State v. Randolph, 275 So.2d 174 (La.1973); State v. Credeur, 328 So.2d 59 (La.1976); State v. Linkletter, 345 So.2d 452 (La.1977).
Defense counsel, in brief, does not specify any particular basis for the contention that the "ends of justice" would be best served by the granting of a new trial. It would appear that the previously set forth assignments of error by defendant are the basis for this assignment. The aforementioned assignments of error lacked merit, hence they do not serve as the basis for the grant of a new trial. The assignment of error lacks merit in this regard.
The contention that the State did not carry its burden is not well founded. According to the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could well have concluded beyond a reasonable doubt that the defendant was guilty as charged. There was ample evidence presented by the State to the jury from which they could conclude beyond a reasonable doubt that the defendant had the specific intent to kill or inflict great bodily injury upon more than one person. Therefore, this argument of defendant lacks merit.
The argument that the defendant was deprived of his constitutional rights is merely a reiteration of prior assignments.
For the above reasons, the conviction is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
I agree completely with the majority opinion, but in keeping with my position on the review of facts doctrine I reiterate the views stated in my previous concurring *1229 opinion in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983). I feel that the continued application of the review of facts rationale set out in Jackson v. Virginia, supra, and State v. Mathews, 375 So.2d 1165 (La.1979), results in our appellate courts becoming nothing more than second guessers of the triers of fact.