DOUCET, Judge.
Appellant, John Farris, II, was charged by bill of information with the offenses of simple burglary, a violation of La.R.S. 14:62, and felony theft, a violation of La. R.S. 14:67. After the trial, a jury acquitted him of the burglary charge, but found him guilty of theft as charged. Defendant was thereafter sentenced by the court to pay a fine of $750.00 and all court costs. The court granted defendant one year to pay the fine and costs. Additionally, the court held that if defendant failed to pay the fine within the specified time, he would be ordered to serve twelve months in the parish jail. It is from this conviction and sentence that defendant now appeals.
Defendant specifies five assignments of error, the first being that the trial court erred in refusing to allow testimony concerning co-defendant, Keith Wayne Roy. Specifically, defendant points out four occasions where the trial court disallowed questioning concerning co-defendant Roy, each time ruling that the line of questioning was irrelevant.
The first and second rulings which defendant argues as erroneous concerns the questioning on cross-examination of Capt. Carl Cascio and Officer Danny Walker, both of the Lake Charles Police Department. Capt. Cascio’s entire involvement in the instant situation amounted to a vehicle stop of defendant Farris, and co-defendant Roy, and a brief field interrogation of the two. The details of the vehicle stop and field interrogation were fully developed on direct examination and were also fully explored on cross-examination. When defense counsel attempted to question Capt. Cascio as to any subsequent contacts he had made with co-defendant after the initial vehicle stop and interrogation, the state objected to the question on the grounds that it was irrelevant and the trial judge sustained the objection. Officer Walker’s entire involvement in this matter is that he obtained general information from defendant and co-defendant once they arrived at the police station, and wrote up arrest reports on the two. At trial, Officer Walker was questioned as to whether he interroga *521 ted co-defendant Roy. The state objected to this question and the trial court sustained the objection.
In both of the above described instances, defense counsel made contemporaneous objections to the trial judge’s rulings, but failed to state the specific reasons for his objections or proffer any facts which he intended to establish by the questions objected to as irrelevant. Determination of irrelevancy lies within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. State v. West, 419 So.2d 868 (La.1982); State v. Johnson, 438 So.2d 1221 (La.App. 3rd Cir.1983). Absent a proffer of the facts which defense counsel intended to prove by the question which was excluded as irrelevant, or any statement concerning the purpose of the questioning, it cannot be established from a reading of the record that the trial court’s rulings on the two objections was an abuse of discretion.
The third ruling which defendant argues is erroneous involves his testimony concerning his actions after co-defendant Roy swerved into Fred Brown’s parking lot. However, this ruling was not contemporaneously objected to and as such will not be reviewed on appeal.
The final ruling which defendant argues is erroneous involves a question concerning whether he had any contact with co-defendant Roy after the two were arrested. The state objected to the question and the court ruled in its favor. While defense counsel made a contemporaneous objection to this ruling, specific reasons for the objection are not on record. Additionally, defense counsel did not proffer any facts which he intended to establish by the question objected to as irrelevant. Absent a proffer of the facts which defense counsel intended to prove by the question which was excluded as irrelevant, or any statement concerning the purpose of the question, it cannot be established from a reading of the record that the trial court’s ruling on the objection was an abuse of discretion.
In defendant’s second assignment of error, he contends that it was improper for the trial court to allow the introduction of certain photographs into evidence. This assignment of error has not been briefed or argued on appeal, thus it is considered to have been abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
In defendant’s third assignment of error, he contends that the jury’s verdict is inconsistent with the law and evidence presented at trial. We disagree.
Defendant was convicted of theft of property of over $500 in value, a violation of La. R.S. 14:67. La.R.S. 14:67 provides as follows:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
When there has been a misappropriation or taking by a number of distinct *522 acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.”
Thus, in order to convict a person of theft, the state must prove: (1) a misappropriation or taking of, (2) anything of value, (3) which belongs to another, (4) without consent of the other, (5) with an intent to deprive the other permanently of the thing taken, and (6) the value of the thing taken.
It was established at trial that on September 30, 1984, six video recorders were taken from The Video Store in Lake Charles, Louisiana, that the recorders taken were things of value, and that they belonged to various persons other than defendant. It was also established that the recorders were taken without the consent of the persons who owned and/or possessed them and that the value of the recorder together exceeded $500.00.
It is clear therefore that the state introduced direct evidence of all the elements of theft under La.R.S. 14:67 necessary to convict defendant except for two: (1) that defendant in fact was a participant in the taking, and (2) that his intent was to permanently deprive another of the property he allegedly took. However, defendant was arrested while driving an automobile which contained the stolen video recorders. Additionally, defendant was arrested within ten minutes of the burglary and when arrested was in the immediate vicinity of the place where the burglary was committed. Finally, it was established at trial that at least two persons participated in the burglary and that when defendant was arrested, he was in the company of another man. Based on the foregoing, we therefore find that these two elements were established by circumstantial evidence which is strong enough to exclude any other reasonable hypothesis of innocence of defendant. This assignment of error, thus, is without merit.
Defendant, in his fourth assignment of error contends that it was error for the jury to convict him of theft since there was no in-court identification of him. This assignment of error has not been briefed or argued on appeal, thus, it is considered to have been abandoned. State v. Dewey, supra.
In the fifth and final assignment of error, defendant asserts that the trial court erred when it denied defendant’s motion for a new trial based on the fact that the evidence presented by the prosecution was insufficient to sustain defendant’s conviction. We disagree.
La.C.Cr.P. art. 851 in pertinent part provides:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
* $ * # # #
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”
On motion for a new trial, the trial judge is accorded great discretion and considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict, and his ruling will not be disturbed on appeal in absence of a clear showing of abuse of discretion. State v. Pittman, 428 So.2d 979 (La.App. 1st Cir.1983), writ denied 433 So.2d 155 (La.), cert. denied, 464 U.S. 836, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983); see also, State v. Johnson, supra.
For the reasons set forth in the discussion of the third assignment of error specified by defendant, we find that the verdict is not contrary to the law and evidence and that the ends of justice would not be served by the granting of a new trial. Thus, we will not disturb the trial court’s findings on appeal.
*523 Accordingly, for the foregoing reasons the conviction and sentence of the trial court is affirmed at appellant’s cost.
AFFIRMED.